UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS MANASTER-RAMER,

    Plaintiff,

v.

                                  Case No. 02-CV-74683-DT

                                  HONORABLE DENISE PAGE HOOD

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

                                      /

## ORDER

**I.    BACKGROUND**

This action involves a denial of payment of disability insurance claims. Plaintiff purchased two disability insurance policies from Defendant in the 1980s. On February 24, 1995, Plaintiff became disabled with a disease known as Chronic Fatigue Syndrome. With the 90-day elimination period, Plaintiff became eligible for benefits under the policies on May 24, 1995. Plaintiff claims Defendant paid the benefits then simply stopped which forced Plaintiff to file a lawsuit in Wayne County Circuit Court, Case No. 99-927880-CK. That lawsuit was settled with a payment to Plaintiff on September 1, 2000. Since that date, no payments have been made, which prompted the instant lawsuit filed with the Washtenaw County Circuit Court and removed to this Court on November 22, 2002.

After September 1, 2000, Defendant had Plaintiff submit to an Independent Medical Examination by its own doctor, Dr. Stephen Aronson. No report by Dr. Aronson has been submitted to Plaintiff. Defendant has taken no action since that time. Plaintiff's prior attorney, Dale Adams,

notified Defendant of the new claim on February 8, 2002. Defendant did nothing. Plaintiff filed the instant suit on October 3, 2002.

## II. ANALYSIS

### A. Proof of Loss Claim Issue

Plaintiff seeks to exclude testimony at trial that Plaintiff failed to file a Proof of Loss of Claim or that Plaintiff failed to satisfy the necessary conditions preceding, barring his claim in whole or in part. Plaintiff claims Defendant has had sufficient notice of his claim because they previously paid him and because of the prior lawsuit which was settled between the parties. Plaintiff claims Defendant had notice of Plaintiff's continuing claim because Defendant had Plaintiff submit to an IME after September 1, 2000. Plaintiff claims Defendant cannot show prejudice because it lacked notice of Plaintiff's claim.

In response, Defendant claims that Plaintiff confuses the requirement of submitting a "notice of claim" with the requirement of submitting "proof of loss" for each monthly period in which Plaintiff seeks benefits. Defendant asserts that the "proof of loss" requirement is a continuing, on-going obligation that an insured must satisfy, and has nothing to do with a notice of claim. Defendant claims that it has never asserted that Plaintiff did not submit sufficient "notice of claim." It is undisputed that Plaintiff did not submit any "proof of loss" after September 1, 2000. For that reason, Defendant claims it has not paid any benefits since that time. Defendant argues that it is the insured's duty to submit "proof of loss" if the insured is asserting a continuing loss.

A federal court sitting in diversity, must apply the forum state's law in accordance with the decisions from the state's supreme court. *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). If the state supreme court has not addressed the issue, a court may look

to other relevant state appellate court decisions and may disregard such decisions only if the federal court is convinced that the state supreme court would rule otherwise. *Id.* In Michigan, an insurance contract must be read as a whole and meaning given to all terms. *Auto-Owners Ins. Co. v. Churchman,* 440 Mich. 560, 566 (1992). The language of the contract is to be given its ordinary, plain meaning and technical, constrained constructions should be avoided. *Bianchi v. Auto. Club of Mich.,* 437 Mich. 65, 71 n. 1 (1991). Any ambiguities are construed against the insurer, who is the drafter of the contract. *State Farm Mut. Auto. Ins. Co. v. Enter. Leasing Co.,* 452 Mich. 25, 38 (1996).

Michigan courts have long addressed the issue of the requirement of proof of loss. *See Barstow v. Fed. Life Ins. Co.,* 259 Mich. 125, 128-29 (1932)(if proofs of loss forms are not furnished to insured other forms of written proofs may be submitted by the insured if submitted within the time fixed in the policy); *Fenton v. Nat'l Fire Ins. Co. of Hartford, Conn.,* 235 Mich. 147, 151 (1926)(failure to furnish proof of loss within the time provided in the policy is fatal to plaintiff's claim). Compliance with the requirement in the policy to furnish proof of loss within the time requirement is a condition precedent to liability of the insurer. *Fenton,* 235 Mich. at 150. This requirement can be waived by the insurer or its adjuster by denial of liability. *Id.* Waiver by the insurer could be shown by a statement or combination of statements by the insurer which would rise to a good faith belief that the insurer was waiving its right under the contract and the statute to a signed proof of loss by the insured. *Barnes v. State Farm Fire and Cas. Co.,* 623 F.Supp. 538, 541 (E.D. Mich. 1985). Substantial compliance in the context of a proof of loss provision generally means that the insured has supplied sufficient information to allow the insurer to investigate the insured's claim, estimate its rights and liabilities, and prevent fraud and unjust claims. *Wincholt v.*

*Cincinnati Ins. Co.*, 179 F.Supp. 742, 749 (W.D. Mich. 2001). The policy behind requiring a proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation and to prevent fraud and imposition upon it. *Barnes*, 623 F.Supp. at 540. Other purposes include to obtain a statement of the loss from the insured under oath which will bind the insured. *Id.* The insured must complete the proof of loss him or herself or show good reason for not so doing. *Id.* at 541. The insured has the burden of proving that his or her case is within the exception to the rule requiring proof of loss made out by the insured. *Id.* at 541.

The Policies in this case provide:

> PROOF OF LOSS
> If the policy provides for periodic payment for a continuing loss, you must give us written proof of loss within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss.
>
> If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be furnished no later than one year after the 90 days unless you are legally unable to do so.
>
> TIME OF PAYMENT OF CLAIMS
> After we receive written proof of loss, we will pay monthly all benefits then due you for disability. Benefits for any other loss covered by this policy will be paid as soon as we receive proper written proof.

(Policy, pp. 18-19)

It is noted that this motion is in the context of a motion in limine, not a summary judgment motion. The Policies require that the insured must submit a written proof of loss for a continuing loss within 90 days after the end of each period for which the insurer is liable. Plaintiff does not dispute that he did not submit a written proof of loss. Plaintiff instead argues that he substantially

4

complied with the proof of loss requirement because Defendant had the opportunity to perform an independent medical examination on Plaintiff. Because Plaintiff has the burden of proving that his case is outside the requirement of a written proof of loss, Defendant should be able to present evidence or argue that Plaintiff did not submit a written proof of loss, a condition precedent as noted by the Michigan courts. Plaintiff can present evidence and argue that Defendant's action or inactions or other statements waived the proof of loss requirement or that Plaintiff substantially complied with the requirements. Plaintiff's Motion to Bar Defendant from asserting at trial that Plaintiff has failed to file a proof of loss claim or that Plaintiff has failed to satisfy the necessary conditions precedent barring his claim in whole or in part is denied.

### B.     Admission and Discovery Issues

Plaintiff seeks to exclude Defendant from arguing at trial that he admitted he presented no proof of claim since Plaintiff did not respond to a request to admit submitted by Defendant to Plaintiff on October 7, 2004. Plaintiff claims that the Court's Scheduling Order provided that all discovery shall be completed by October 7, 2004 and that Defendant's request for admissions submitted to Plaintiff on October 7, 2004 is untimely since Plaintiff could not have completed the response by October 7, 2004. Plaintiff also claims that because the depositions of certain defense witnesses had not been taken for failing to appear at their scheduled depositions, Defendant should be barred from presenting said witnesses at trial.

In response, Defendant argues that a request to admit is not a discovery device therefore the Court's Scheduling Order does not bar Plaintiff from responding to Defendant's request to admit. Defendant claims that its witnesses' testimony should not barred. As to the testimony of the witnesses, Defendant claims the parties had an agreement that the depositions would be by telephone

since the witnesses are located in Tennessee. One of the witnesses, Paul Douglass, has been on medical leave and will not participate in trial. Defendant claims that Plaintiff unilaterally scheduled the depositions in Michigan after the parties agreed that the depositions would be held by telephone. Plaintiff replies that Local Rule 26.1 and 26.2 provide that the filing of discovery material includes requests for admission and that late requests for discovery should not be condoned.

Fed.R.Civ.P. Rule 37(b) provides that if a party fails to obey an order regarding discovery, the court may make such orders as are just, including barring a party from presenting any evidence or witnesses at trial. Fed.R.Civ.P. 37(b)(2)(B). Rule 37(b) provides for sanctions as are just, including prohibiting a party from introducing matters in evidence, striking pleadings, or dismissal of an action, where that party has failed to comply with an order of a court regarding discovery and the failure to comply is attributable to a "willfulness, bad faith, or any fault" of the party. Fed.R.Civ.P. 37(b)(2)(A), (B), and (C); *Intercept Security Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958); *Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir.1995). The sanctions set forth in Rule 37(b) are for violations of a *court order* requiring a party to respond to discovery requests. Rule 37(a) allows for a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the *motion to compel is granted*, the court may impose sanctions, including attorney fees and costs. Fed. R. Civ. P. 37(a)(4). If a party *fails to comply with a Court's order*, then Rule 37(b)(2) comes into play and provides for the more severe sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed.R.Civ.P. 37(b)(2)(C). Although not sought by Plaintiff, dismissal or a judgment against a party

is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'r and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States*, 766 F.2d 910, 912 (6th Cir. 1985).

Defendant submitted a request to admit to Plaintiff that Plaintiff admit he did not file a proof of loss on October 7, 2004. Plaintiff did not respond to the request to admit. Defendant claims the request to admit is deemed admitted pursuant to Rule 36. Plaintiff argues that because Defendant submitted the request to admit on the day of the discovery cut off, the request was untimely because Plaintiff could not have responded to the request to admit within the discovery cut off.

The Scheduling Order states that "all discovery shall be completed by October 7, 2004." (Third Amended Scheduling Order) The issue is whether a request to admit is subject to the discovery deadline. The Sixth Circuit has not expressly ruled on this issue. The Sixth Circuit stated in *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205-06 (6th Cir. 1986) that requests for admissions are not a general discovery device. However, the Sixth Circuit has not determined whether or not requests for admissions are subject to discovery deadlines in scheduling orders. Other courts have noted that Rule 36 is located in the deposition and discovery section of the Federal Rules of Civil Procedure. *See, eg., Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. 1995); *EEOC v. Rent-A-Center, Inc.*, 202 WL 1906273 (W.D. Tenn. Nov. 30, 2001). Still other district courts have decided that requests for admissions are not subject to discovery deadlines. *See Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989); *O'Neill v. Meded*, 166 F.R.D. 19, 21 (E.D. Mich. 1996).

There is no clear authority in this Circuit that requests to admit are subject to scheduling

orders. It is noted that Plaintiff, at the time the request to admit were submitted, did not seek a protective order based on the discovery deadline. Plaintiff now seeks a ruling that the Court refuse to consider the request to admit as an admission. Rule 36 provides, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed.R.Civ.P. 36(b). A court, exercising discretion, may grant a party's motion to amend or withdraw defaulted admissions to assist in the "normal, orderly presentation of the case" absent a showing of prejudice by the party. *St. Regis Paper Co. v. Upgrade Corp.*, 86 F.R.D. 355, 357 (W.D. Mich. 1980). The court, therefore, may allow a party to amend or withdraw its responses when: 1) it would be beneficial to the presentation of the merits of the case; and, 2) it would result in no prejudice to the party obtaining the admission in its claims or defenses. *O'Neill*, 166 F.R.D. at 22.

Applying the two prong test in this case, the Court finds that it would be beneficial to the presentation of the merits of the case if Plaintiff was allowed to withdraw or amend its lack of response to the request to admit. Defendant has not articulated any prejudice to its defense of the case. Although Plaintiff should have requested a protected order allowing him to refrain from responding to the request to admit instead of allowing the matter to proceed to trial, the Court finds no prejudice to Defendant in allowing Plaintiff to withdraw his non response. The Court will allow Plaintiff now to respond to the request to admit prior to trial.

As to the issue of witnesses, Plaintiff did not file a motion to compel the depositions of these witnesses prior to the filing the instant motion barring the witnesses from testifying. Defendant, therefore, has violated no court order compelling the depositions of the witnesses. The drastic sanction of barring the witnesses' testimony at trial is not warranted at this juncture. Plaintiff will

not be prejudiced by the witnesses testifying at trial since Plaintiff will be allowed to examine the witnesses. Defendant is also required to make witnesses available for deposition by telephone (as apparently agreed by the parties) prior trial.

### III. CONCLUSION

Plaintiff's motion to bar Defendant from asserting that Plaintiff failed to file a proof of loss claim or Plaintiff failed to satisfy the necessary conditions precedent is DENIED. Plaintiff's motion to bar Defendant from presenting certain witnesses and to quash any discovery submitted by Defendant on October 7, 2004, is DENIED, consistent with this decision.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Bar Defendant from Asserting at Trial that Plaintiff has Failed to File a Proof of Loss Claim or that Plaintiff has Failed to Satisfy the Necessary Conditions Precedent Barring His Claim in Whole or in Party **(Docket No. 39, filed December 14, 2004)** is DENIED. Plaintiff must file his response to the Request to Admit by **March 25, 2005.**

IT IS FURTHER ORDERED that Plaintiff's Unfiled Motion to Bar Defendant from Presenting Certain Witnesses and to Quash any Discovery Submitted by Defendant on October 7, 2004 time-stamped November 30, 2004 is DENIED. Defendant must make the witnesses available for depositions by telephone as agreed by the parties prior to **April 1, 2005.**

DATED: **MAR 0 8 2005**

DENISE PAGE HOOD
United States District Judge

9