UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS MANASTER-RAMER,

      Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a Tennessee
Corporation,

      Defendant.
_____/

Case No. 02-CV-74683
Hon. Denise Page Hood

Robert C. Zack (P22676)
Bassey and Selesko PLC
Attorneys for Plaintiff
27777 Franklin Road, Ste. 1400
Southfield, MI 48034
(248) 355-5000

K. Scott Hamilton (P44095)
Dickinson Wright, PLLC
Attorneys for Defendant
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
_____/

## JONT PROPOSED JURY INSTRUCTIONS

Plaintiff accepts Defendant's proposed jury instructions 1 through 20 and 29 through 32. For jury instructions 21 through 28, it proposes the following:

**Instruction 21**

Plaintiff, Alexis Manaster-Ramer, has brought a claim against Defendant, Provident Life and Accident Insurance Company for breach of contract regarding the payment of disability insurance proceeds.

In order to establish a breach of contract claim against Defendant, Plaintiff has the burden of proving each of the following elements:

1. That the contract exists;

2. That Plaintiff substantially performed the contract or that he is excused from performing;

3. That Defendant breached the contract; and

4. That Plaintiff was damaged by Defendant's breach of the contract.

If you find that Plaintiff has proven each of the elements I have just described to you by a preponderance of the evidence, your verdict must be for plaintiff on this claim.

If you find that plaintiff has failed to prove any of these elements, your verdict must be for defendant on this claim.

Source: Michigan SJI2d 140.02 (modified to apply to common law breach of contract); Barnes v. State Farm Fire and Cas. Co., 623 F. Supp 538, 431 (E.D. Mich. 1985).

**Instruction 22**

"Breach of contract" means the failure, without legal excuse, to perform any promise which forms the whole or part of a contract. You must decide whether Defendant breached the terms of its contract to pay disability benefits to Plaintiff.

Clear and unambiguous contract terms are to be understood in their plain, ordinary, and popular sense. The terms of an insurance policy are to be enforced as written when no ambiguity is present. A contract is ambiguous when its words may be reasonably understood in different ways. Any ambiguities must be interpreted in the favor of the insured (Plaintiff) and against the insurer (Defendant). Ambiguities and reasonable doubts in insurance contracts are to be construed most favorably to the insured (Plaintiff) to maximize coverage.

Source:  Lambert v. Jim Causley Pontiac, Inc., 47 Mich. App. 620 (1973); Farm Bureau Mutual Ins. Co. of Michigan v. Stark, 437 Mich. 185, 181 (1991); DeVries v. Brydges, 57 Mich. App. 36, 41 (1974); Farm Bureau Mutual Ins. Co. v. Buckallew, 246 Mich. App. 607, 611 (2001); Raska v. Farm Bureau Mutual Ins. Co. of Michigan, 412 Mich. 355, 362 (1982); Carlyon v. Mutual of Omaha Ins. Co., 220 Mich. App. 444, 446, 559 N.W.2d 407, 408 (1996). Restatement of Contracts, 2d Section 237, illustrations 1 and 2, comments b and d; Black's Law Dictionary, 171 (5th Ed. 1979).

## Instruction 23

_____ Defendant's proposed instruction 23 is acceptable

**Instruction 24**

Terms that are specifically defined in the Policies must be applied according to the definitions that are set forth. Any terms that are not so defined must be applied according to their normal meaning in English. Any ambiguities in insurance contracts are to be liberally construed in favor of the insured (Plaintiff) and against the insurer (Defendant). Ambiguities and reasonable doubts in insurance contracts are to be construed most favorably to the insured (Plaintiff) to maximize coverage. A contract is ambiguous when its words may be reasonably understood in different ways.

Source:    Morinelli v. Provident Life and Accident Ins. Co., 242 Mich App 255, 261-262 (2000); Henderson v. State Farm Fire & Casualty Ins. Co., 225 Mich. App. 703, 709 (1997); Arco Indust. Corp. V. American Motorists Ins. Co., 448 Mich. 395, 402 (1995); Nabosny v. Burckhardt, 461 Mich. 471, 477 n.8 (2000); Raska v. Farm Bureau Mut. Ins. Co. of Michigan, 412 Mich. 335, 362, 314 N.W. 2d 440 (1982).

**Instruction No. 25**

In determining whether Plaintiff performed the contract, you must determine whether he was required by the Policies to furnish a proof of loss as a condition for payment by Defendant during a period when Plaintiff was not receiving payments from Defendant.

If so, it is sufficient that he substantially comply with this requirement. Substantial compliance in the context of a proof of loss provision means that the insured (Plaintiff) has supplied sufficient information to allow the insurer (Defendant) to investigate the insured's claim, estimate its rights and liabilities, and prevent fraud and unjust claims. The Policies do not specify any particular form for the proof of loss.

Source: Fenton v. National Life Ins. Co., 235 Mich 147, 150 (1926); Wineholt v. Cincinnati, Inc. Co., 179 F. Supp 742, 749 (W.D. Mich 2001); Barnes v. State Farm Fire & Cas. Co., 623 F. Supp 538, 540 (1985).

## **Instruction 26**

Defendant's proposed instruction 26 is acceptable

2:02-cv-74683-DPH Doc # 52 Filed 04/05/05 Pg 7 of 14 Pg ID 283

## **Instruction 27**

_____If you determine that proof of loss was required and that Plaintiff did not substantially comply with the proof of loss requirement, you must then determine whether Plaintiff was excused from furnishing proof of loss for any one or more of the reasons described in jury instructions 28 through 32.

Source:      Fenton v. National Fire Ins. Co. of Hartford, Conn., 235 Mich. 147, 150 (1926); Barnes v. State Farm Fire and Cas. Co., 623 F. Supp. 538, 541 (E.D. Mich. 1985).

## Instruction 28

_____Defendant's proposed instruction 27 is acceptable as joint instruction 28.

2:02-cv-74683-DPH   Doc # 52   Filed 04/05/05   Pg 9 of 14   Pg ID 285

**Instruction 29**

Plaintiff's requirement to provide a proof of loss is deemed waived by Defendant during any period when Defendant denies its liability to make payments to Plaintiff.

Source:   J.C. Wyckof & Assoc. v. Standard Fire Ins. Co., 936 F. 2d 1474, 1489 (6th Cir 1991); Fenton v. National Fire Insurance of Hartford, Conn., 235 Mich 147, 150 (1926)/

**Instruction 30**

Plaintiff is also excused from the proof of loss requirement if it is shown that a statement or combination of statements by the Defendant could give rise to a good faith belief by Plaintiff that the Defendant was waiving its rights under the contract to a proof of loss by the Plaintiff.

Source:      Barnes v. State Farm Fire and Cas. Co., 623 F. Supp. 538, 541 (E.D. Mich 1985).

**Instruction 31**

Plaintiff is also excused from the proof of loss requirement if you find that the Plaintiff supplied sufficient information to allow the Defendant to investigate the Plaintiff's claim, estimate its rights and liabilities, and to prevent fraud and unjust claims.

Source:   Wineholt v. Cincinnati Insurance Company, 179 F. Supp. 742, 749  (W.D. Mich 2001).  Barnes v. State Farm Fire and Cas. Co., 623 F. Supp. 538, 540 (E.D. Mich 1985)

**Instruction 32**

Plaintiff is also excused from the proof of loss requirement if he does so in reliance on acts of Defendant causing him to reasonably believe that the filing of the proof of loss was unnecessary, pointless or futile.

Source:   Cook v. Grand River Hydroelectric Power Co., Inc., 131 Mich. App 821, 828 (1984) ("An estoppel arises where: (1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts.

For jury instructions 33 through 36, see Defendant's Joint Proposed Jury Instructions 29 through 32.

                              Respectfully submitted,

                              BASSEY AND SELESKO PLC

_____By: _____
                              ROBERT C. ZACK (P22676)
                              Attorneys for Plaintiff
                              27777 Franklin Road, Ste. 1400
                              Southfield, Michigan 48034-2379
                              (248) 355-5000

Dated: April 4, 2005

00052856.WPD