UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALEXIS MANASTER-RAMER,

        Plaintiff,

                                      Case No. 02-74683

v.

                                       HONORABLE DENISE PAGE HOOD

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a Tennessee
Corporation,

        Defendant.

_____/


## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL


## I.  BACKGROUND

Plaintiff Alexis Manaster-Ramer [hereinafter "Plaintiff"] filed the instant action against Defendant Provident Life and Accident Insurance Company [hereinafter "Defendant"] on October 9, 2002 in the Washtenaw County Circuit Court.  The matter was removed to this Court on November 22, 2005.  On April 12, 2005, pursuant to a jury verdict, a Judgment was entered in favor of the Defendant and against Plaintiff resulting in a no cause of action.

This matter is before the Court on Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial filed on April 22, 2005.  The Defendant filed a Brief in Response to Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative for a New Trial on May 6, 2005.  Plaintiff filed a Reply Brief to Defendant's Brief in Response to Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative for a New Trial on May 13, 2005.

Plaintiff requests that this Court award Plaintiff judgment as a matter of law on the ground that no legally sufficient evidentiary basis exists for the jury verdict. In the alternative, Plaintiff requests a new trial pursuant to Fed. R. Civ. P. 59.

For the reasons stated herein, this Court DENIES Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial.

## III. APPLICABLE LAW & ANALYSIS

Fed.R.Civ.P. Rule 50(a) provides:

> (a) Judgment as a Matter of Law.
>
> > (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against the party and may grant a motion with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
> >
> > (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

The standard of review of a motion for judgment as a matter of law pursuant to Fed.R.Civ.P 50(a) is to view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). A district court may not weigh the evidence or make credibility determinations because these are functions of the jury. *Id*. If the nonmovant presents sufficient evidence to raise a material issue of fact for the jury then dismissal is improper under Rile 50(a). *Id*. "[W]henever there is a complete absence of pleading or proof on an issue material to cause of action or when no disputed issues of fact exist such that reasonable minds would not differ" only then is it appropriate to take the case

2

away from the jury.  *Id.*, *citing O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975).

Fed. R. Civ. P. 59 states in pertinent part:

> **(a) Grounds.**  A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...

Specific grounds for new trial have included: that the verdict is against the weight of the evidence; that the damages are excessive; that for other reasons the trial was not fair; that there were substantial errors in the admission or rejection of evidence; that the giving or refusal of instructions were in error; and misconduct of counsel.  *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980).  The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion.  *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).  The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice.  *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991).

The Plaintiff raises three grounds in support of his motion: (1) Defendant's denial of liability for Plaintiff's claim absolved Plaintiff from complying with the insurance policy's proof of loss requirement; (2) Defendant's failure to respond to Plaintiff's claim inquiries estops and/or waives the proof of loss requirement; and (3) Plaintiff substantially complied with the proof of loss requirement as a matter of law.  Plaintiff, in the alternative, contends this Court should grant Plaintiff's Motion for a New Trial pursuant to Fed. R. Civ. P. 59.

The Defendant argues that the Plaintiff did not assert that Defendant's alleged denial of his

3

claim relieved him of any obligation to submit proof of loss in Plaintiff's Motion for Judgment as a Matter of Law prior to the case being submitted to the jury on April 11, 2005. (Def.'s Br. in Resp. to Pl.'s Mot. for J. as a Matter of Law or in the Alternative for a New Trial at 10).

**1. Defendant's denial of liability for Plaintiff's claim absolved Plaintiff from complying with the insurance policy's proof of loss requirement.**

Plaintiff argues that the Defendant denied liability for Plaintiff's claim on the basis that Plaintiff was not disabled under the terms of the policy. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 6). Therefore, the Plaintiff contends that he was absolved from complying with the policy's proof of loss requirements. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 6). Plaintiff cites *J.C. Wyckoff & Assocs. v. Standard Fire Ins.*, 936 F.2d 1474 (6th Cir. 1991)[1] for the proposition that when an insurance company denies liability for a claim, a policyholder is no longer obligated to comply with the conditions precedent under the policy, including proof of loss. Plaintiff also cites *Fenton v. Nat'l Fire Ins. Co. of Hartford*, 209 N.W. 42 (Mich. 1926) for the proposition that the proof of loss requirement as a

---

[1] Insured brought suit to recover proceeds under fire policy. Jury in the United States District Court for the Eastern District of Michigan returned verdict against insurer on arson defense but in favor of insurer on fraud and false swearing defense. The Sixth Circuit held: (1) proof of reliance was not required to establish insurer's affirmative defense of fraud and false swearing under Michigan law; (2) evidence was sufficient to support finding of fraud and false swearing with respect to proof of loss in various respects; (3) verdict was not against the weight of the evidence; (4) appraisal was not condition precedent to asserting defense based on fraud and false swearing related to claimed value of loss; (5) there was no abuse of discretion in allowing insurer to plead additional grounds of fraud in answer and final pretrial order, beyond those alleged in denial letter; (6) insurer could not show error with respect to the amount paid to the mortgagee bank insofar as the amount paid was reduced by payments made on the loan by the insured between the date of the fire and the date of payment on the policy; and (7) insurer was estopped from denying the mortgagee bank the protection of a standard mortgage clause. *J.C. Wyckoff & Assocs.*, 936 F.2d at 1474.

4

condition precedent to an insurer's liability is waived by denial of liability.  Plaintiff alleges that the Defendant's primary defense to liability for Plaintiff's claim was that the Plaintiff was not disabled under the terms of the policy.  (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 6).  Plaintiff also alleges that this defense was reflected in the verdict form which asked the jury to decide whether Plaintiff was disabled under the terms of the policy.  (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 6).  The Defendant asserts that Plaintiff's argument proceeds on the false assumption that the Defendant denied Plaintiff's claim for benefits after September 2000.  (Def.'s Br. in Resp. to Pl.'s Mot. for J. as a Matter of Law or in the Alternative for a New Trial at 10).  The Defendant contends that the Plaintiff's failure to receive appropriate care was a defense that they asserted based upon the Plaintiff's physician's trial testimony, and that the Defendant never denied Plaintiff's claim for benefits on that basis.  (Def.'s Br. in Resp. to Pl.'s Mot. For J. as a Matter of Law or in the Alternative for a New Trial at 10).  The Defendant argues that the evidence at trial established that the Defendant made no payments for benefits after September 2000 not because it had determined that the Plaintiff was disabled, but because Plaintiff failed to submit any continuing monthly written proof of loss for any period after September 2000.  (Def.'s Br. in Resp. to Pl.'s Mot. For J. as a Matter of Law or in the Alternative for a New Trial at 10).  The Defendant also argues that although the Defendant contended that Plaintiff was not "disabled" because he could not meet his burden of proving that he was getting appropriate care, Defendant never denied Plaintiff's claim for that reason.  (Def.'s Br. in Resp. to Pl.'s Mot. For J. as a Matter of Law or in the Alternative for a New Trial at 10). The Defendant then points out various areas in which Plaintiff or his wife, Pamela Hemrajani Ramer, testified that they never received a notice of denial of Plaintiff's claim for benefits from Defendant after September

5

2000.  (Def.'s Br. in Resp. to Pl.'s Mot. For J. as a Matter of Law or in the Alternative for a New Trial at 11).

Plaintiff's argument as to *J.C. Wyckoff & Assocs.* is without merit.  The Sixth Circuit in that case stated, "It is entirely appropriate to allow a party to amend its theories to conform to the evidence, particularly where the evidence is under the control of the other party." *J.C. Wyckoff & Assocs.*, 936 F.2d at 1489.  The Sixth Circuit also stated, "a denial of liability on *specified grounds* constitutes a waiver and estoppel of other defenses." *Id*. (citing *Martinek v. Firemen's Ins. Co.*, 225 N.W. 527 (Mich. 1929) (emphasis added)). *See also Scottish Union & Nat'l Ins. Co. v. Bejcy, et al.*, 201 F.2d 163 (6th Cir. 1953) ("The law in Michigan is settled that when an insurance company denies liability for reasons other than imperfect compliance with the proof of loss provision it is estopped from objecting to its sufficiency.").   There was no notice of denial of Plaintiff's claim from the Defendant in this case after September 2000.  Therefore, there was no denial of liability on specified grounds, and the Defendant is allowed to amend its theories to conform to the evidence. *Fenton* is not analogous to the facts in the instant matter.  In *Fenton*, the insurer was found liable even though the insured never filed a proof of loss. *Fenton*, 209 N.W. at 42.  The insurer was told by the insurer's agent that an investigation of the insured's claim could not proceed unless the insured signed a nonwaiver agreement which stated in pertinent part, "in investigating the cause thereof, [the insurer] shall not waive or invalidate any of the conditions of the policies of insurance, and shall not waive or invalidate any rights whatever of any party to this agreement." *Id*. at 42-43. Plaintiff was never asked to sign a nonwaiver agreement.  The Defendant did not deny Plaintiff's claim.  Therefore, there was no waiver of the proof of loss requirements contained in Plaintiff's policy as a matter of law.

There was sufficient evidence to submit the case to the jury to determine the Defendant denied the Plaintiff's claim based upon his failure to submit any continuing monthly written proof of loss for any period after September 2000.

**2. Defendant's failure to respond to Plaintiff's claim inquiries estops and/or waives the proof of loss requirement.**

Plaintiff contends that Defendant's failure to respond to Plaintiff's repeated inquiries for over a year operates as a waiver and/or estoppel of any proof of loss requirement. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 8-9). Plaintiff cites *Rauch v. Michigan Millers' Mut. Fire Ins. Co.*, 91 N.W. 160 (Mich. 1902) for this proposition. Plaintiff asserts that he or his agent sent repeated inquiries regarding his claim to the Defendant. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 11). Plaintiff did not quantify the number of inquiries that were made. Plaintiff also asserts that the record reflects that he as well as his agents made repeated contact with the Defendant as well as its agents before and after the medical examination to provide additional information. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 11). Plaintiff did not substantiate what is meant by the term "repeated contact." Plaintiff contends that the Defendant never responded to Plaintiff's or his agents' inquiries. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 11). Plaintiff argues that he was never informed of the need for further information, making it impossible to determine what the Defendant might have wanted in addition to the medical examination. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 12).

Defendant contends that the Plaintiff produced no evidence at trial that he or his agents ever made any "claim inquiry" after September 2000. (Def.'s Br. in Resp. to Pl.'s Mot. for J. as a Matter

of Law or in the Alternative for a New Trial at 14). The Defendant argues that the Plaintiff, through

his attorney, testified that he requested that the Defendant produce copies of any written report

produced after Plaintiff was examined by the Defendant's physician in January 2001. (Def.'s Br.

in Resp. to Pl.'s Mot. for J. as a Matter of Law or in the Alternative for a New Trial at 14). The

Defendant asserts that the evidence at trial established that there was no written report. (Def.'s Br.

in Resp. to Pl.'s Mot. for J. as a Matter of Law or in the Alternative for a New Trial at 14). The

Defendant argues that requesting copies of a written report that did not exist does not constitute a

"claim inquiry," nor does such evidence support the contention that the Defendant waived its policy

requirement that the Plaintiff submit continuing written proof of loss. (Def.'s Br. in Resp. to Pl.'s

Mot. for J. as a Matter of Law or in the Alternative for a New Trial at 15).

Plaintiff's argument as to *Rauch* is without merit. *Rauch* states, "Estoppel cannot be based

upon unknown facts, or upon future transactions, *unless the party against whom estoppel is sought

was informed that such things would be done*." *Rauch*, 91 N.W. at 160. (empahsis added). *See also

Cook v. Grand River Hydroelectric Power Co., Inc.*, 346 N.W.2d 881,885 (Mich. 1984) ("An

estoppel arises where: (1) a party by representation, admissions or silence, intentionally or

negligently induces another party to believe the facts; (2) the other party justifiably relies and acts

on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the

existence of the facts.") Plaintiff did not substantiate or demonstrate that Defendant was informed

that their alleged lack of response to Plaintiff's or his agents' inquiries would be assumed by

Plaintiff to constitute a waiver or estoppel, or that Plaintiff was justified in relying on Defendant's

alleged lack of response as a waiver. There was a sufficient question of fact to submit to the jury as

to whether or not Plaintiff was excused from the obligation to submit proof of loss documentation

to the Defendant.  This Court does not find persuasive the Plaintiff's argument that this issue was waived by the Defendant.

**3. Plaintiff substantially complied with the proof of loss requirement as a matter of law.**

Plaintiff argues that he is excused from the proof of loss requirement if he supplied sufficient information to allow the Defendant to investigate his claim, estimate his rights and liabilities and to prevent fraud and unjust claims.  (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 13).  Plaintiff cites *Wineholt v. Cincinnati Ins. Co.*, 179 F.Supp.2d 742 (W.D. Mich 2001) and *Barnes v. State Farm Fire & Cas. Co.*, 623 F.Supp. 538[2] (E.D. Mich. 1985) to support his argument.

Plaintiff contends that the following facts establish that Plaintiff has substantially complied with the proof of loss requirement as a matter of law: (1) Plaintiff underwent a medical examination arranged by the Defendant; (2) the Defendant failed to respond to Plaintiff's inquiries regarding the results of the medical examination; and (3) the Defendant never objected to the medical examination as insufficient to allow Defendant to investigate Plaintiff's claim and estimate the Defendants rights and liabilities.  (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 13).

The Defendant argues that the Plaintiff presented no evidence at trial that he or his agents

---

[2] Insured and his prior wife were insured by insurer against loss by fire and other causes. The defendant refused to pay insurer.  Insurer filed suit and the defendant filed for summary judgment.  One of the issues in the defendant's motion for summary judgment was that the contract in question and statute required that the insured submit a proof of loss within 60 days after the loss.  The defendant did not contest the insured's compliance with the requirement. However, the insured's prior wife did not sign the proof of loss within the specified period. Therefore, the defendant argued that the proof of loss requirement was not met.  The court held that the insured's signature on the proof of loss was insufficient to preserve the prior wife's claim.

ever made any "claim inquiry" after September 2000.  (Def.'s Br. in Resp. to Pl.'s Mot. for J. as a

Matter of Law or in the Alternative for a New Trial at 14).  The Defendant contends that Plaintiff

testified that after September 2000 all of the Defendant's policies' obligations and requirements

applied to him, and that the Defendant did not waive any of them or excuse him from satisfying

them.  (Def.'s Br. in Resp. to Pl.'s Mot. for J. as a Matter of Law or in the Alternative for a New

Trial at 15).

     Plaintiff's reliance on *Wineholt* and *Barnes* is without merit.  The court in *Wineholt* stated:

> Substantial performance has been described as follows: "A contract
> is substantially performed when all of the essentials necessary to the
> full accomplishment of the purposes for which the thing contracted
> has [sic] been performed with such approximation that a party obtains
> substantially what is called for by the contract."

*Wineholt*, 179 F. Supp.2d at 749.

The court also stated:

> Furthermore: Substantial compliance in the context of a proof of loss
> provision generally means that the insured has supplied sufficient
> information to allow the insurer to investigate the insured's claim,
> estimate its rights and liabilities, and prevent fraud and unjust claims
> from being asserted, or, alternatively, that the insured has complied
> to the extent which compliance is possible, in circumstances such as
> where proofs and documentation not supplied have been destroyed or
> otherwise made unavailable by reasons beyond the power of the
> insured.

*Id*.

     *Wineholt* does not support the argument that Plaintiff's aforementioned actions establish

substantial compliance with Defendant's proof of loss requirements as a matter of law.  There was

sufficient evidence presented for the jury to determine that the Plaintiff did not substantially comply

with the obligation to submit proof of loss documentation to the Defendant.

    **4.  This Court should grant Plaintiff's Motion for a New Trial pursuant to Fed. R. Civ.**

**P. 59.**

A court may set aside a verdict and grant a new trial if it finds that the verdict is against the clear weight of evidence. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000). Even if a verdict is against the weight of the evidence, new trials are not to be granted unless the verdict was unreasonable. *Id*. at 820-821. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn inferences or conclusions or because the judge feels that other results are more reasonable. *Id*.

The Plaintiff argues that the verdict is against the clear weight of evidence. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 14). Plaintiff contends that the Defendant caused the Plaintiff to believe that he had an ongoing claim by requesting a medical examination and not responding to the Plaintiff inquiries regarding his claim. (Pl.'s Mot. for J. as a Matter of Law or in the Alternative Mot. for a New Trial at 14-15). The Defendant argues that there was abundant evidence upon which the jury could reasonably conclude that the medical examination did not cause Plaintiff to believe that he was not required to abide by the Defendant's proof of loss requirements. (Def.'s Br. in Resp. to Pl.'s Mot. for J. as a Matter of Law or in the Alternative for a New Trial at 18). Without reweighing the evidence, the Court finds that there was sufficient evidence to support the jury's verdict against the Plaintiff. The jury's verdict was not unreasonable based upon the evidence submitted by all the parties.

Accordingly,

11

IT IS ORDERED that Plaintiff's Motion for Judgment as a Matter of Law or in the

Alternative Motion for a New Trial **[Docket No. 56, filed April 22, 2005]** is DENIED.


                                     /s/ Denise Page Hood
                                 DENISE PAGE HOOD
                                 United States District Judge

DATED: March 30, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

                                 s/William F. Lewis
                                 Case Manager

12